**ORIGINAL**

| | |
|---|---|
| BRENDAN DOLAN, State Bar No.126732<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br><br>Attorneys for Defendant<br>CISCO SYSTEMS, INC. | Todd J. McNamara<br>McNAMARA, ROSEMAN MARTINEZ &<br>KAZMIERSKI LLP<br>1640 East 18th Avenue<br>Denver, CO 80218<br>Tel: 303.333.8700<br>Fax: 303.331.6967<br>Admitted *Pro Hac Vice* |
| Mary Jo O'Neill<br>Equal Employment Opportunity Commission<br>3300 North Central Avenue, Suite 690<br>Phoenix, Arizona 85012-2504<br>Tel: 800.669.4000<br>Fax: 602.640.5071<br><br>Counsel for Equal Employment Opportunity<br>Commission | Jack W. Lee, State Bar No. 71626<br>MINAMI TAMAKI LLP<br>360 Post Street, 8th Floor<br>San Francisco, CA 94108<br>Tel: 415.788.9000<br>Fax: 415.398.3887<br><br>Attorneys for Plaintiffs<br>ALBERT CREWS III, SANDRA HILL,<br>JEYAKUMAR NAGARATHINAM,<br>CRAIG OLIVER |

*Additional Counsel listed at end of document*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALBERT CREWS III, SANDRA HILL,<br>JEYAKUMAR NAGARATHINAM,<br>CRAIG OLIVER, individuals, for<br>themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, a corporation,<br><br>Defendant. | Case No. C-07-0654 JSW<br><br>**SETTLEMENT AGREEMENT**<br><br>**(DOCUMENT SUBMITTED UNDER SEAL)** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-SF/7666111.2

# I. RECITALS

1. The EEOC, an agency of the United States, will, concurrently with the approval of this Agreement by the Court, file an action in the U.S. District Court, Northern District of California, alleging that Defendant Cisco Systems, Inc. (referred to herein as "Cisco") engaged in a pattern or practice of unlawful discriminatory hiring based on race, color, and/or national origin, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2(a) within Cisco's U.S. Sales Organization between 2004 and 2005 (referred to herein as the "EEOC case"). The EEOC case is brought based on the charges described in Paragraph 2. A true and correct copy of the Complaint to be filed in the EEOC case is attached hereto as Exhibit 1.

2. Albert Crews III, Sandra Hill, Tony Morris, Jeyakumar Nagarathinam and Craig Oliver (referred to herein as "Plaintiff/Charging Parties"), each individually filed charges of discrimination with the EEOC against Cisco Systems, Inc. in and around February 2006, alleging, among other things, that they were denied employment based on discriminatory hiring practices within Cisco's U.S. Sales Organization in 2004 and 2005.

3. On January 31, 2007, the Plaintiff/Charging Parties (except for Anthony Morris) filed a complaint in this District, alleging race discrimination under 42 U.S.C. § 1981, Case No. C 07 0654 JSW (referred to herein as the "Private case"). The EEOC and the Plaintiff/Charging Parties are jointly referred to as "Plaintiffs." The Private case and the EEOC case are jointly referred to herein as "the Actions."

4. The Parties, desiring to settle the Actions by a Settlement Agreement (referred to herein as "Agreement"), agree to the jurisdiction of the above-named Court over the Parties and the subject matter of this action, and agree to the power of the Court to approve a Settlement Agreement enforceable against the Parties.

5. This Agreement is final and binding upon the Parties as well as upon their successors and assigns, as to the issues resolved.

6. The Plaintiffs and Cisco agree that this Agreement fairly resolves the issues alleged by Plaintiffs in their respective actions, and constitutes a complete resolution of all of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

1

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1    Plaintiff/Charging Parties' and EEOC's claims against Cisco of unlawful employment

2    practices under Title VII and Section 1981 made against Defendant Cisco in the Actions and

3    in the EEOC Charges.

## II. JURISDICTION

5  **7.**  The Court has jurisdiction over the Parties and the subject matter of the Actions. The

6    Actions assert claims that, if proven, would authorize the Court to grant monetary and other

7    relief against Defendant. This Agreement conforms with the Federal Rules of Civil

8    Procedure, Title VII, and Section 1981, and is not in derogation of the rights and privileges

9    of any Party or person. The Court shall retain jurisdiction of the Actions for the duration of

10   the Agreement for the purposes of entering all orders which may be necessary to implement

11   the terms provided herein.

## III. DEFINITIONS

13  **8.**  **EEO** – The term "EEO" shall refer to the phrase "equal employment opportunity."

14  **9.**  **Continuing Affirmative Measures** – The Affirmative Measures which Cisco is required to

15   carry out throughout the term of the Agreement, as set forth in Paragraphs 23, 24, 25, 27, 31,

16   32 and 33.

17  **10.**  **Specific Affirmative Measures** – The Affirmative Measures which Cisco is required to

18   carry out but which do not continue through the term of the Agreement, as set forth in

19   Paragraphs 26, 28 and 29.

20  **11.**  **Effective Date** – The Effective Date of this Agreement is the date on which the Court files

21   an order approving the Agreement.

22  **12.**  **Parties** – The Parties to this Agreement are Plaintiff U.S. Equal Employment Opportunity

23   Commission ("EEOC"), Plaintiff/Charging Parties, and Defendant Cisco Systems, Inc.,

24   ("Cisco").

25  **13.**  **Private Counsel** – The Attorneys representing Plaintiff/Charging Parties.

## IV. GENERAL PROVISIONS

27  **14.**  **Term of Settlement Agreement** – This Agreement will be in effect for three years and six

28   months after the Effective Date. Except as noted herein, Specific Affirmative Measures

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

2

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1     must be commenced and completed within six months following the Effective Date. Except

2     as noted herein, Continuing Affirmative Measures must be commenced within six months

3     following the Effective Date. In the event that any Specific Affirmative Measure(s) are not

4     commenced and completed within six months after the Effective Date, the term of the

5     Agreement will be extended on a day-by-day basis for as long as the Specific Affirmative

6     Measure(s) take to be commenced and/or completed after six months following the Effective

7     Date. In the event that any Continuing Affirmative Measure(s) are not commenced within

8     six months after the Effective Date, the term of the Agreement will be extended on a day-by-

9     day basis for as long as the Continuing Affirmative Measure(s) take to be commenced after

10    six months following the Effective Date.

11    **15.    Compliance with Federal EEO Laws** – Nothing in this Settlement Agreement shall be

12    construed to limit or reduce Cisco's obligation to comply with the statutes enforced by the

13    EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*,

14    Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, Age

15    Discrimination in Employment Act, 29 U.S.C. §621, Equal Pay Act, 29 U.S.C. §206(d).

16    **16.    Effect of Settlement Agreement** – Cisco's compliance with this Agreement will fully and

17    completely resolve all issues of law and fact which were raised by the Plaintiffs in their

18    respective actions, and in the EEOC charges related thereto.

19    **17.    Complete Settlement Agreement** – This Agreement constitutes the complete understanding

20    among the Parties with respect to the matters addressed herein.

21    **18.    Severability** – If one or more provisions of this Agreement are rendered unlawful or

22    unenforceable by act of Congress, or, by decision of a court of competent jurisdiction or

23    arbitrator, the Parties shall attempt to agree upon what amendments to this Agreement, if

24    any, are appropriate to effectuate the purposes of this Agreement. In any event, the

25    unaffected provisions will remain enforceable.

26    **19.    Non-admission** – The Plaintiffs acknowledge and agree that this Agreement cannot be

27    characterized as an admission of liability or wrongdoing by Cisco in relation to the matters

28    alleged in the Actions and the EEOC charges related thereto, and that Cisco expressly denies

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                                    3                          SETTLEMENT AGREEMENT
                                                                            CASE NO. C-07-0654 JSW

1   liability or wrongdoing in relation to those matters.

## V.   RELEASE OF CLAIMS AND RESERVATION OF RIGHTS

3   **20.   Plaintiff/Charging Parties' Waiver of Claims** – Plaintiff/Charging Parties for themselves, their heirs and assigns, hereby release, discharge and waive the claims asserted against Cisco in their action, and in the EEOC charges related thereto, and existing as of the date that the Plaintiff/Charging Parties execute this Agreement. The foregoing waiver shall extend to known and unknown claims existing as of the time of execution of this Agreement by the Plaintiff/Charging Parties. Further, Plaintiff/Charging Parties expressly waive any rights conferred on them by California Civil Code Section 1542, or any similar statute or decisional law in any other jurisdiction. Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known to him, must have materially affected his settlement with the debtor."

This waiver of claims shall extend to the officers, employees and agents of Cisco. Nothing in this Settlement Agreement shall be construed to preclude the Plaintiff/Charging Parties seeking to enforce this Agreement in accordance with the enforcement provisions of Section IX ("Enforcement of Settlement Agreement") below.

**21.   EEOC Rights Reserved** – The EEOC reserves all rights to proceed with respect to matters beyond the scope of claims asserted in the Actions and the EEOC charges which were the basis of the Actions. The EEOC will not bring another action of any kind against Cisco arising out of and/or relating to the matters alleged in the Actions or the EEOC charges which were the basis of the action. Nothing in this Agreement precludes the EEOC from seeking to enforce this Agreement in accordance with the enforcement provisions of Section IX below. The EEOC represents that as of the date this Agreement is executed by the EEOC, it is not in receipt of charges, or aware of any charges or claims, other than those referred to in Paragraph 2 above, which form the basis of the claims asserted in the Actions.

**22.   Charges Filed After the Effective Date** – Any individual charges of discrimination filed

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

4

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1      with the EEOC or any State or Local Fair Employment Practice Agency after the Effective

2      Date of this Agreement, based on conduct alleged to have occurred prior to the Effective

3      Date of this Agreement, will be processed by the Commission in accordance with its

4      standard procedures and relevant statutes and regulations, and this Agreement will not

5      preclude any enforcement action by the EEOC or the individuals filing such charges.

6                      **VI.   AFFIRMATIVE MEASURES**

7 **23.   EEO Training**

8      **23.01  Development of EEO Training Program –** Within six months following the

9             Effective Date of this Agreement, Cisco shall begin the process of providing the

10             training described below to employees involved in recruiting and hiring for Cisco's

11             U.S. Sales Organization, including to all hiring managers within the U.S. Sales

12             Organization.

13      **23.02  Required Subjects of Training –** At a minimum, the EEO training program shall

14             address the following subjects:

15             • instruction on the requirements of Title VII of the Civil Rights Act of 1964, and

16                42 U.S.C. Section 1981;

17             • instruction on how to recognize and eliminate the effects of unconscious bias

18                against African Americans, in the recruiting and hiring process in the U.S. Sales

19                Organization.

20             • a review of Cisco non-discrimination employment policies and of the specific

21                requirements of this Agreement, with particular emphasis on the following:

22                African American recruiting efforts and Recruitment and hiring protocols in the

23                U.S. Sales Organization.

24      **23.03  Type of Training –** Cisco shall be permitted to provide on-line or e-learning training

25             to hiring managers within the U.S. Sales Organization.  Such training shall provide a

26             means by which attendees may pose questions relevant to the subject of the training

27             and obtain a response to such questions within 24 hours.  Recruiters, sourcers and

28             Cisco Human Resources personnel involved in U.S. Sales Organization's recruiting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2            5                    SETTLEMENT AGREEMENT
                                                                 CASE NO. C-07-0654 JSW

1    and hiring will be required to attend live training on the subjects addressed herein.

2    Such live training may be conducted by videoconference.

3    **23.04 Number of Trainings –** Persons required to be trained under this provision shall

4    receive not less than two hours of training provided for herein per twelve calendar

5    months following the Effective Date of this Agreement. Following the

6    implementation of the training program provided for herein, Cisco U.S. Sales

7    Organization Hiring Managers shall not be permitted to post a requisition until they

8    have completed the training required under this Paragraph 23.

9  **24. Lead Sourcer –** Cisco shall employ a Lead Sourcer whose responsibilities shall include the

10   identification of African American qualified applicants for positions in the U.S. Sales

11   Organization. The Lead Sourcer shall among his or her other responsibilities, taking into

12   consideration position requirements, geographic location and such other matters as he/she

13   deems to be appropriate, engage in efforts to identify African American qualified applicants

14   for employment in positions in the U.S. Sales Organization, in numbers consistent with the

15   available pool of such persons in the relevant population. The Lead Sourcer shall in his or

16   her discretion and that of Cisco, engage or hire persons to assist in carrying out this

17   objective. At no time during the term of this Agreement will Cisco employ or engage fewer

18   than three sourcers, including the Lead Sourcer, whose duties shall include, taking into

19   consideration position requirements, geographic location and such other matters as are

20   deemed to be appropriate, efforts to identify African American qualified applicants for

21   employment in positions in the U.S. Sales Organization, in numbers consistent with the

22   available pool of such persons in the relevant population. Cisco will engage in reasonable

23   efforts to seek to hire or engage sourcers who reflect diversity in race and color.

24  **25. Director of Global Inclusion and Diversity**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                    6              SETTLEMENT AGREEMENT
                                                 CASE NO. C-07-0654 JSW

1      **25.01**   Within thirty (30) days of the Effective Date of this Agreement, Cisco will identify

2              to Private Counsel its Director of Global Inclusion and Diversity, who has

3              expertise in EEO and personnel matters.  Cisco's Director of Global Inclusion and

4              Diversity will report to a Cisco Vice President of Human Resources.

5      **25.02**   Cisco will provide sufficient staff, funds, and other resources to the Director of

6              Global Inclusion and Diversity as are necessary to meet Cisco's obligations under

7              this Agreement.

8      **25.03**   The Director of Global Inclusion and Diversity will be responsible for:

9              • coordinating Cisco compliance with anti-discrimination laws;

10             • ensuring Cisco compliance with this Agreement;

11             • maintaining records to be preserved under Section VIII ("Reporting and

12             Recordkeeping") of this Agreement; and

13             • assisting in development and implementation of Cisco EEO Training Program,

14             as required under Paragraph 23.01 ("EEO Training") of this Agreement.

15   These duties may, as is deemed appropriate by the Director of Global Inclusion and Diversity

16   and Cisco, be delegated to others, or others may be required by the Director of Global

17   Inclusion and Diversity and Cisco to assist in their completion.

18   **26.**   **Recruitment and Hiring Process Consultant** – Cisco shall retain a professional industrial

19       organizational psychologist or other credentialed subject matter professional expert in such

20       field of expertise as is reasonably appropriate, to assist Cisco in its implementation and

21       compliance with the terms of this Agreement including but not limited to a review,

22       development and implementation of a recruitment and hiring process as provided in

23       Paragraph 28.

24   **27.**   **Diversity Consultant** – During the Term of the Agreement, Cisco will utilize a diversity

25       consultant who will, among other things, advise on methods to identify sources of African

26       American qualified applicants for positions in Cisco's U.S. Sales Organization and assist in

27       the development of the training referenced above.

28   **28.**   **Recruitment and Hiring Process** – Within six months of the Effective Date of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

7

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1    Agreement, Cisco, in consultation with the professionals referred to above in Paragraphs 26

2    and 27, shall develop and implement a written or graphically represented Recruitment and

3    Hiring Process for U.S. Sales Organization positions. The Recruitment and Hiring Process

4    shall include, among other provisions, measures intended to increase the numbers of African

5    American qualified applicants for employment in the Cisco U.S. Sales Organization and

6    measures for responding to applicants in a timely manner.

7    **29.   Complaint Procedure for Applicants** – Within six months following the Effective Date of

8    this Agreement Cisco will implement or maintain a complaint procedure for U.S. Sales

9    Organization applicants, including a process for investigating and responding to such

10   complaints. Cisco shall make notice of the complaint procedure part of its application

11   process.

12   **30.   Management Evaluation and Accountability** – Within six months of the Effective Date of

13   this Agreement, Cisco shall, in consultation with the professionals selected pursuant to

14   Paragraphs 26 and 27, ensure that performance evaluation criteria for Recruiters, Hiring

15   Managers and employees engaged in the recruitment and hiring process for the U.S. Sales

16   Organization, include as categories of performance evaluation: (1) compliance with Cisco's

17   Equal Employment Opportunity and Discrimination and Harassment Policies; and

18   (2) support of ethnic diversity in the workplace.

19   **31.   Diversity of Interviewer Panel** – Cisco will use reasonable efforts, where practical, to

20   provide interviewer panels in the U.S. Sales Organization that reflect diversity in race and

21   color.

22   **32.   No Discrimination Policy** – Cisco agrees to continue to maintain its policy prohibiting

23   employment discrimination against employees, and applicants for employment, on the basis

24   of race, color, or national origin.

25   **33.   No Retaliation Policy** – Cisco agrees to maintain its policy that prohibits retaliation against

26   any employee, former employee or applicant to Cisco, because he or she opposed

27   discrimination on basis of race, color, or national origin; filed a charge of discrimination on

28   the basis of race, color or national origin; testified, furnished information or participated in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-SF/7666111.2                    8              SETTLEMENT AGREEMENT
                                                 CASE NO. C-07-0654 JSW

| | |
|---|---|
| 1 | any manner in any investigation or proceeding in connection with any charge or complaint |
| 2 | of discrimination on the basis of race, color or national origin; testified, furnished |
| 3 | information or participated in any manner in connection with the monitoring or |
| 4 | implementation of this Agreement; or sought and/or received any monetary and/or non- |
| 5 | monetary relief pursuant to this Agreement. |

### VII. MONETARY RELIEF

**34. Payment to Plaintiff/Charging Parties and Private Counsel**

**34.01** Cisco agrees to pay the total gross amount of $1,750,000 to Plaintiff/Charging Parties and Private Counsel in amounts determined among the Plaintiffs/Charging Parties and Private Counsel pursuant to their fee agreements, for alleged economic loss and alleged emotional distress damages, together with attorneys' fees and costs. Payments shall be made as follows:

1. $1,000,000 to the Plaintiffs/Charging Parties, distributed as follows within seven days following the Effective Date hereof:

   a. $134,000 for each Plaintiff/Charging Party with all required withholdings deducted.

   b. Payments of $66,000 for each Plaintiff/Charging Party for alleged damages for pain, suffering and emotional distress with no withholding.

2. $750,000 as attorneys' fees and costs, paid within seven days following the Effective Date hereof.

3. Charging Parties and Private Counsel shall provide appropriate social security numbers and tax ID numbers for processing of the above referenced payments.

**34.02** Plaintiff/Charging Parties hereby acknowledge that they have obtained no tax advice from Cisco, and that neither Cisco nor its attorneys has made any representation concerning the tax consequences, if any, of the payments described in paragraphs 33.01 and 33.02 of this Agreement. Plaintiff/Charging Parties individually agree that they are solely responsible for the tax consequences of the payments provided for in paragraphs 33.01 and 33.02 of this Agreement. Plaintiff/Charging Parties

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

9

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1    further agree that, in the event that any taxing authority looks to Cisco or any related

2    entity for satisfaction of any tax liability or for payment of any tax-related liability

3    of any kind including but not limited to penalties, fines, interest or withholdings,

4    associated with the payments provided for in paragraphs 33.01 and 33.02, they shall

5    indemnify and hold harmless Cisco for all taxes, penalties, interest, withholdings,

6    amounts paid in settlement to any taxing authority, and expenses, including but not

7    limited to defense expenses and attorneys' fees, with regard to the payments.  Cisco

8    shall advise Plaintiff/Charging Parties and their attorneys in writing within five (5)

9    business days of their knowledge of any event triggering Cisco's right to

10   indemnification and Plaintiff/Charging Parties and his or her attorneys shall have the

11   continuing right to be advised of the status of any such action.

12                     **VIII.   REPORTING AND RECORD KEEPING**

13   **35.01** Three times during the term of this Agreement, within 30 days following the

14   Effective Date, and by, January 25, 2009 and January 25, 2010, Cisco will provide

15   Private Counsel and the EEOC with a spreadsheet containing the same information

16   regarding applicants as was contained in the data referred to as the "Gerstco Data"

17   which was provided to Private Counsel by attorneys for Cisco on September 19,

18   2007.  The spreadsheet will contain the following information for each category of

19   individual contained within the Gerstco Data for Cisco's U.S. Sales Organization

20   for fiscal years 2007, 2008 and 2009 respectively:

21        i.      Internal ID number;

22        ii.     Race/Color/Ethnic information (if provided by Qualified Applicant)

23        iii.    Application date;

24        iv.     Source of application;

25        v.      Disposition of the application;

26        vi.     Requisition number for the position(s) sought:

27        vii.    Job title for the position(s) sought;

28        viii.   Job group for the position(s) sought;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                                      10                         SETTLEMENT AGREEMENT
                                                                              CASE NO. C-07-0654 JSW

ix. Location name for the position(s) sought;

To the extent not already contained within the Gerstco data as defined herein, Cisco shall provide the following at such times as it provides the data required above: Identification of each individual who possessed the minimum qualifications for and expressed an interest in or applied for a specific job at Cisco through either a Cisco sourcer or recruiter, where such individual did not withdraw from consideration for the specific job. The individual shall be identified by code number and the disposition of the application shall also be provided, as consistent with the above referenced categories of the Gerstco data. A candidate will be deemed to have withdrawn from consideration for a specific job when he or she has expressly informed Cisco that he or she does not want to be considered for a specific job; failed to show for an interview; failed to complete an applicant profile on Cisco.com after being asked to do so in connection with their consideration for a position; or, indicated by words or conduct the intention not to participate in the selection process for a specific job.

**35.02** On or by June 1, 2008, December 1, 2008, June 1, 2009, December 1, 2009 and June 1, 2009 Cisco will provide Private Counsel and the EEOC with a summary of Cisco's activities in the preceding six month period in implementing and, as appropriate, carrying out the obligations undertaken in the Agreement.

**35.03** On or by June 1, 2008, June 1, 2009, June 1, 2010 and June 1, 2011, Cisco will provide Private Counsel and the EEOC with access to the following:

- Internal Complaint Procedure;
- Discrimination complaints by black applicants for positions in the U. S. Sales Organization in the preceding six months;
- Recruitment and Hiring Process for U.S. Sales Organization;
- Training Program Materials for U.S. Sales Organization; and

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                                      11                    SETTLEMENT AGREEMENT
                                                                         CASE NO. C-07-0654 JSW

1    • The form of performance review for Hiring Managers and others identified in
2         Paragraph 30.

3    Private Counsel and the EEOC shall be entitled to request other documents demonstrating
4    compliance with and implementation of the terms, conditions and processes of the Agreement.  If
5    the Parties are not able to resolve such requests, the matter will be subject to the dispute resolution
6    process set forth at Paragraph 37.

7         **35.04**  The information provided under Paragraphs 35.01, 35.02 and 35.03 will be kept
8              confidential, not used for any purpose other than this Agreement and will not be
9              disclosed by Private Counsel or the EEOC to anyone. The Parties agree that this
10             information shall be used only for purposes of evaluating Cisco's compliance with
11             this Agreement.  Any analysis of Cisco's reports provided under Paragraph 35.01
12             by Plaintiffs will be performed by comparison to the qualified applicants.

13              **IX.    ENFORCEMENT OF SETTLEMENT AGREEMENT**

14   **36.    Enforcement** – It is expressly agreed that if any party believes that another party has
15   breached this Agreement, the party holding such belief may initiate the dispute resolution
16   procedures set forth in this Section IX.

17   **37.    Requirement of Informal Resolution Efforts**

18        **37.01  Notice of Dispute** – A party which believes that a breach of this Agreement has
19             occurred, must provide notice to the other parties, of the nature of the dispute.  This
20             notice shall specify the particular provision(s) believed to have been breached and a
21             statement of the issues in dispute.

22        **37.02  Response to Notice of Dispute** – Within fourteen (14) days after service of the
23             Notice of Dispute, the party alleged to be in breach will provide a written response.

24        **37.03  Service** – Service of the Notice of Dispute and any Response shall be made by hand-
25             delivery, facsimile transmission, or electronic mail.

26        **37.04  Meeting** – After service of the Response, the Parties will schedule a telephone or in-
27             person meeting to attempt to amicably resolve the dispute.

28        **37.05  Mediation** – If the meeting does not result in an amicable resolution of the dispute,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                                     12                          SETTLEMENT AGREEMENT
                                                                               CASE NO. C-07-0654 JSW

| | | |
|---|---|---|
| 1 | | the parties will engage a private JAMS or AAA mediator and will seek to mediate a |
| 2 | | resolution of the dispute. Any such mediation shall be located in Denver, Colorado. |
| 3 | | **37.06 Dispute Resolution Period** – If the dispute has not been resolved within sixty (60) |
| 4 | | days after service of the Notice of Dispute, an action to enforce the Agreement may |
| 5 | | be brought. Such action shall be brought exclusively before a JAMS arbitrator |
| 6 | | jointly selected by the parties. The arbitrator shall be empowered to interpret the |
| 7 | | Agreement, hear evidence and issue an award. The arbitration shall be governed by |
| 8 | | the JAMS rules for the arbitration of employment disputes. The prevailing party |
| 9 | | may seek judicial enforcement of an arbitration award. The District Court shall |
| 10 | | retain jurisdiction over the Actions and parties for such proceedings. |
| 11 | **38.** | **Attorneys' Fees For Enforcement of Agreement** – The arbitrator shall be empowered in |
| 12 | | his or her discretion to award fees and costs. |

**X.     MISCELLANEOUS PROVISIONS**

| | | |
|---|---|---|
| 14 | **39.** | **Dismissal of Actions** – The Plaintiffs/Charging Parties agree to dismiss the Private action |
| 15 | | with prejudice upon the Effective Date of this Settlement Agreement. The EEOC agrees to |
| 16 | | dismiss the EEOC Action with prejudice immediately upon its filing. |
| 17 | **40.** | **Not Conditions on Obligations** - Cisco does not condition the receipt of individual relief on |
| 18 | | any Plaintiff/Charging Party's agreement to (a) maintain as confidential the terms of this |
| 19 | | Agreement, (b) waive his or her statutory right to file a charge with any federal or state anti- |
| 20 | | discrimination agency, or (c) waive his or her right to apply for a position with the |
| 21 | | Defendant. |
| 22 | **41.** | **Amendment** – By mutual consent of the Parties, this Agreement may be amended in the |
| 23 | | interest of justice and fairness in order to execute the provisions involved. |
| 24 | **42.** | **Implementation** – The Plaintiffs and Cisco agree to take all steps that may be necessary to |
| 25 | | fully effectuate the terms of this Agreement. |

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2

13

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1

## XI.  SIGNATURES

2    By their signatures below, the Parties confirm their voluntary assent to the terms of this

3    Agreement. This Agreement may be executed in counterparts.

4

5    DATED: _____                              BY: _____
                                                               **Albert Crews**
6

7    DATED: _____                              BY: _____
                                                               **Sandra Hill**
8

9    DATED: _____                              BY: _____
                                                               **Craig Oliver**
10

11   DATED: _____                              BY: _____
                                                               **Jeyakumar Nagarathinam**
12

13   DATED: _____                              BY: _____
                                                               **Anthony Morris**
14

15

16   DATED: _____                              **CISCO SYSTEMS, INC.**

17                                                        BY: _____

18

19
     DATED: _____                              **EQUAL EMPLOYMENT**
20                                                        **OPPORTUNITY COMMISSION**

21
                                                          BY: _____
22

23
     **APPROVED AS TO CONTENT AND FORM.**
24

25   DATED: _____                              **MINAMI TAMAKI LLP**

26
                                                          BY: _____
27                                                             **Jack W. Lee**
                                                               **Attorneys for Plaintiffs**
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                              14                    SETTLEMENT AGREEMENT
                                                                 CASE NO. C-07-0654 JSW

1    Agreement, hear evidence and issue an award. The arbitration shall be governed by

2    the JAMS rules for the arbitration of employment disputes. The prevailing party

3    may seek judicial enforcement of an arbitration award. The District Court shall

4    retain jurisdiction over the Consolidated Action and parties for such proceedings.

5    **38.    Attorneys' Fees For Enforcement of Agreement** – The arbitrator shall be empowered in

6    his or her discretion to award fees and costs.

7                      **X.    MISCELLANEOUS PROVISIONS**

8    **39.    Dismissal of Actions** – The Plaintiffs agree to dismiss the Consolidated Action with

9    prejudice upon the Effective Date of this Settlement Agreement.

10   **40.    Not Conditions on Obligations -** Cisco does not condition the receipt of individual relief on

11   any Plaintiff/Charging Party's agreement to (a) maintain as confidential the terms of this

12   Agreement, (b) waive his or her statutory right to file a charge with any federal or state anti-

13   discrimination agency, or (c) waive his or her right to apply for a position with the

14   Defendant.

15   **41.    Amendment** – By mutual consent of the Parties, this Agreement may be amended in the

16   interest of justice and fairness in order to execute the provisions involved.

17   **42.    Implementation** – The Plaintiffs and Cisco agree to take all steps that may be necessary to

18   fully effectuate the terms of this Agreement.

19                            **XI.    SIGNATURES**

20   By their signatures below, the Parties confirm their voluntary assent to the terms of this

21   Agreement. This Agreement may be executed in counterparts.

22

23   **DATED:** _2, 14. 08_                    BY: _____
                                                        **Albert Crews**
24

25   **DATED:** _____            BY: _____
                                                        **Sandra Hill**
26

27   **DATED:** _____            BY: _____
                                                        **Craig Oliver**
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656148.2                          13                SETTLEMENT AGREEMENT
                                                         CASE NO. C-07-0654 JSW

1  Agreement, hear evidence and issue an award. The arbitration shall be governed by
2  the JAMS rules for the arbitration of employment disputes. The prevailing party
3  may seek judicial enforcement of an arbitration award. The District Court shall
4  retain jurisdiction over the Consolidated Action and parties for such proceedings.
5  **38. Attorneys' Fees For Enforcement of Agreement** – The arbitrator shall be empowered in
6  his or her discretion to award fees and costs.
7  **X.    MISCELLANEOUS PROVISIONS**
8  **39. Dismissal of Actions** – The Plaintiffs agree to dismiss the Consolidated Action with
9  prejudice upon the Effective Date of this Settlement Agreement.
10 **40. Not Conditions on Obligations** - Cisco does not condition the receipt of individual relief on
11 any Plaintiff/Charging Party's agreement to (a) maintain as confidential the terms of this
12 Agreement, (b) waive his or her statutory right to file a charge with any federal or state anti-
13 discrimination agency, or (c) waive his or her right to apply for a position with the
14 Defendant.
15 **41. Amendment** – By mutual consent of the Parties, this Agreement may be amended in the
16 interest of justice and fairness in order to execute the provisions involved.
17 **42. Implementation** – The Plaintiffs and Cisco agree to take all steps that may be necessary to
18 fully effectuate the terms of this Agreement.
19 **XI.    SIGNATURES**
20 By their signatures below, the Parties confirm their voluntary assent to the terms of this
21 Agreement. This Agreement may be executed in counterparts.
22
23 **DATED:** _____       **BY:** _____
24                                    **Albert Crews**
25 **DATED:** _2/14/08_           **BY:** _Sandra Hill_
26                                    **Sandra Hill**
27 **DATED:** _____       **BY:** _____
28                                    **Craig Oliver**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656148.2          13          SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1   Agreement, hear evidence and issue an award.  The arbitration shall be governed by

2   the JAMS rules for the arbitration of employment disputes.  The prevailing party

3   may seek judicial enforcement of an arbitration award.  The District Court shall

4   retain jurisdiction over the Consolidated Action and parties for such proceedings.

5   **38.  Attorneys' Fees For Enforcement of Agreement** – The arbitrator shall be empowered in

6   his or her discretion to award fees and costs.

7   **X.      MISCELLANEOUS PROVISIONS**

8   **39.  Dismissal of Actions** – The Plaintiffs agree to dismiss the Consolidated Action with

9   prejudice upon the Effective Date of this Settlement Agreement.

10  **40.  Not Conditions on Obligations** - Cisco does not condition the receipt of individual relief on

11  any Plaintiff/Charging Party's agreement to (a) maintain as confidential the terms of this

12  Agreement, (b) waive his or her statutory right to file a charge with any federal or state anti-

13  discrimination agency, or (c) waive his or her right to apply for a position with the

14  Defendant.

15  **41.  Amendment** – By mutual consent of the Parties, this Agreement may be amended in the

16  interest of justice and fairness in order to execute the provisions involved.

17  **42.  Implementation** – The Plaintiffs and Cisco agree to take all steps that may be necessary to

18  fully effectuate the terms of this Agreement.

19  **XI.     SIGNATURES**

20  By their signatures below, the Parties confirm their voluntary assent to the terms of this

21  Agreement. This Agreement may be executed in counterparts.

23  **DATED:** _____        **BY:** _____
                                        **Albert Crews**

25  **DATED:** _____        **BY:** _____
                                        **Sandra Hill**

27  **DATED:** 2/14/08        **BY:** _____
                                        **Craig Oliver**

28  MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656148.2        13        SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

DATED: 2/14/08

BY: _____
Jeyakumar Nagarathinam

DATED: _____

BY: _____
Anthony Morris

DATED: _____

CISCO SYSTEMS, INC.

BY: _____

DATED: _____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

BY: _____

APPROVED AS TO CONTENT AND FORM.

DATED: _____

MINAMI TAMAKI LLP

BY: _____
Jack W. Lee
Attorneys for Plaintiffs

DATED: _____

McNAMARA ROSEMAN MARTINEZ &
KAZMIERSKI LLP

BY: _____
Todd J. McNamara
Attorneys for Plaintiffs

DATED: _____

BY: _____
Barry D. Roseman
Attorneys for Plaintiffs

DATED: _____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656148.2

14

SETTLEMENT AGREEMENT
CASE NO. C-07-0654 JSW

1 | DATED: _____                BY: _____
                                               Jeyakumar Nagarathinam
2

3 | DATED: 02/14/2008                      BY: _____
                                               Anthony Morris
4

5
  | DATED: _____                CISCO SYSTEMS, INC.
6

7 |                                        BY: _____

8

9 | DATED: _____                EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
10

11 |                                       BY: _____

12

13 | APPROVED AS TO CONTENT AND FORM.

14

15 | DATED: _____               MINAMI TAMAKI LLP

16
   |                                       BY: _____
17                                             Jack W. Lee
                                               Attorneys for Plaintiffs
18
   | DATED: _____               McNAMARA ROSEMAN MARTINEZ &
19                                         KAZMIERSKI LLP

20
   |                                       BY: _____
21                                             Todd J. McNamara
                                               Attorneys for Plaintiffs
22

23
   | DATED: _____               BY: _____
24                                             Barry D. Roseman
                                               Attorneys for Plaintiffs
25

26
   | DATED: _____               EQUAL EMPLOYMENT
27                                         OPPORTUNITY COMMISSION

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 DATED: _____                      BY: _____

2                                                  Jeyakumar Nagarathinam

3 DATED: _____                      BY: _____

4                                                  Anthony Morris

5 DATED: _____                      CISCO SYSTEMS, INC.

6

7                                              BY: _____

8

9 DATED: _____                      EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION
10

11                                             BY: _____

12

13 APPROVED AS TO CONTENT AND FORM.

14

15 DATED: 2/22/08                              MINAMI TAMAKI LLP

16
                                               BY: _____
17                                                  Jack W. Lee
                                                    Attorneys for Plaintiffs
18
   DATED: 2/22/08                              McNAMARA ROSEMAN MARTINEZ &
19                                             KAZMIERSKI LLP

20
                                               BY: _____
21                                                  Todd J. McNamara
                                                    Attorneys for Plaintiffs
22

23
   DATED: 2/22/08                              BY: _____
24                                                  Barry D. Roseman
                                                    Attorneys for Plaintiffs
25

26

27 DATED: _____                      EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO    1-SF/7656148.2              14              SETTLEMENT AGREEMENT
                                                             CASE NO. C-07-0654 JSW

1  DATED: _____          **McNAMARA ROSEMAN MARTINEZ &**
                                   **KAZMIERSKI LLP**
2

3                                  BY: _____
                                          **Todd J. McNamara**
4                                         **Attorneys for Plaintiffs**

5

6  DATED: _____          BY: _____
                                          **Barry D. Roseman**
7                                         **Attorneys for Plaintiffs**

8

9  DATED: _____          **EQUAL EMPLOYMENT**
                                   **OPPORTUNITY COMMISSION**
10

11                                 BY: _____
                                          **Mary Jo O'Neill**
12                                        **Rita Kittle**
                                          **Attorneys for EEOC**
13

14

15  DATED: 2-29-08                  **MORGAN, LEWIS & BOCKIUS LLP**

16                                 BY: _____
17                                        **Brendan Dolan**
                                          **Attorneys for Cisco Systems, Inc.**
18

19

20

21

22                                         **ORDER**

23         The terms of this Agreement of the Parties are hereby entered as an order of the Court.

24  DATED: _____

25                                 **United States District Judge Jeffrey White**

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                          15                   SETTLEMENT AGREEMENT
                                                            CASE NO. C-07-0654 JSW

## XI.   SIGNATURES

By their signatures below, the Parties confirm their voluntary assent to the terms of this
Agreement. This Agreement may be executed in counterparts.

DATED: _____          BY: _____
                                      **Albert Crews**

DATED: _____          BY: _____
                                      **Sandra Hill**

DATED: _____          BY: _____
                                      **Craig Oliver**

DATED: _____          BY: _____
                                      **Jeyakumar Nagarathinam**

DATED: _____          BY: _____
                                      **Anthony Morris**

DATED: 2/27/08                **CISCO SYSTEMS, INC.**

                              BY: _____

DATED: 3/3/08                 **EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION**

                              BY: _____

**APPROVED AS TO CONTENT AND FORM.**

DATED: _____          **MINAMI TAMAKI LLP**

                              BY: _____
                                      **Jack W. Lee**
                                      **Attorneys for Plaintiffs**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7666111.2                    14         SETTLEMENT AGREEMENT
                                             CASE NO. C-07-0654 JSW

1  DATED: _____

2

3

4

5

6  DATED: _____

7

8

9  DATED: _____

10

11

12

13

14

15  DATED: 2·29·08

16

17

18

19

20

21

22

23

24  DATED: APR 1 0 2008

25

26

27

28

McNAMARA ROSEMAN MARTINEZ &
KAZMIERSKI LLP


BY: _____
         Todd J. McNamara
         Attorneys for Plaintiffs


BY: _____
         Barry D. Roseman
         Attorneys for Plaintiffs


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


BY: _____
         Mary Jo O'Neill
         Rita Kittle
         Attorneys for EEOC


MORGAN, LEWIS & BOCKIUS LLP


BY: _____
         Brendan Dolan
         Attorneys for Cisco Systems, Inc.


**ORDER**

The terms of this Agreement of the Parties are hereby entered as an order of the Court.


_____
United States District Judge Jeffrey White

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 SF/7666111.2                15                SETTLEMENT AGREEMENT
                                                CASE NO. C-07-0654 JSW